Plaintiff seeks active duty pay for several years prior to his discharge from the United States Army. Plaintiff underwent treatment at a military hospital for injuries received in a motorcycle accident while on leave. He was granted a 30-day convalescent leave; however when it expired plaintiff failed to return to the hospital. He was arrested seven years later for being absent without leave. Thereupon plaintiff was discharged. Plaintiff claims that he was unaware he was AWOL, therefore his absence is excusable and he is entitled to pay for the years he was absent. Defendant argues that plaintiff was aware of his AWOL status and counterclaims for excess casual pay received by plaintiff, savings bonds inadvertently delivered to plaintiffs mother during the period and clothing taken by the plaintiff upon discharge. Plaintiff asserts defendant’s counterclaims are barred by the statute of limitations. On January 29, 1979 Trial Judge David Schwartz filed a recommended opinion dismissing the complaint and allowing recovery for the defendant on its counterclaims for pay and bonds. The trial judge found that plaintiffs contentions were contrary to fact, that plaintiff was indeed AWOL and should in any case have made inquiry as to his status since he was not in receipt of discharge papers. Defendant’s counterclaims were held not to be time-barred because plaintiffs claim for pay constituted a continuing cause of action for sums due in an indefinite series, thus giving the court jurisdiction over plaintiffs claim and any counterclaims arising out of the same transaction. Defendant was not entitled to *635 recover the value of the clothing since no independent proof of its value was offered. On April 20, 1979 the court, by order, adopted the recommended decision as the basis for its judgment in this case, awarded defendant $745.46 and dismissed plaintiffs petition and defendant’s unsuccessful counterclaim respecting the clothing.